HASSE v. HASSE.

(Supreme Court, Appellate Division, Second Department. March 8, 1912.)

Costs (§ 277*)—Stay of Proceedings Until Payment.

A husband, whose complaint for divorce on the ground of his wife's adultery was dismissed, with costs in favor of the wife, which he did not pay, may not, in a subsequent suit by the wife for divorce on the ground of cruelty and abandonment, seek affirmative relief against the wife on the ground of the same adultery, until the costs have been paid, though he may rely thereon in defense, without paying the costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1048–1060; Dec. Dig. § 277.*]

Appeal from Special Term, Kings County.

———————

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Florence Hasse against Anthony Hasse. From an order staying defendant from prosecuting a counterclaim until the costs of a former action have been paid, he appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, WOODWARD, BURR, and RICH, JJ.

Emanuel Klein, for appellant.

Leopold Blumberg, for respondent.

RICH, J. In November, 1910, the defendant commenced an action against this plaintiff for an absolute divorce upon the ground of adultery. The complaint in that action was subsequently dismissed, and a judgment entered in favor of defendant for costs, which has never been paid. In September, 1911, this action was commenced for a limited divorce; the complaint alleging cruel and inhuman treatment and abandonment. The defendant answered, denying all allegations of cruel or inhuman treatment and abandonment, and then, by way of counterclaim, alleged adultery by the plaintiff, and demanded an absolute divorce. The adulteries alleged in this answer are the same charged in the complaint in the former action. The plaintiff has procured an order staying the defendant from prosecuting his alleged counterclaim until payment of the costs of the former actions and the various motions. This appeal is from such order.

The appellant contends that the respondent, having brought him into court, cannot prevent his defending the action and availing himself of every defense that he may have. This is undoubtedly true; but the difficulty with defendant's position is that he was not content to defend, but demands affirmative relief, based upon the subject-matter involved in the former action. He denies all of the allegations of plaintiff's complaint. This is his defense, and the order does not undertake to limit his establishing the truth of these denials. If, as he contends, the plaintiff's adultery is a complete defense to the cause of action, he should have been satisfied to plead it as a defense, and not aver it as a counterclaim, upon which he demands affirmative relief. Any action the defendant might have brought against his wife, containing the same allegations as pleaded in the counterclaim, and demanding the same relief, would have been stayed until payment of the costs of the former action, and that is precisely the result of his present pleading. He cannot be permitted to accomplish indirectly that which he cannot accomplish directly. He may defend this action, but he cannot have the affirmative relief of a judgment of absolute divorce because of the adulteries charged in the former action.

The order must be affirmed, with $10 costs and disbursements. All concur.